UNITED STATES DISTRICT COURT
~~MIDDLE~~ NORTHERN DISTRICT OF FLORIDA

PENSACOLA Division

AMENDED
CIVIL RIGHTS COMPLAINT FORM

CRAIG A. JACKSON,

#238015

(Enter full name of each Plaintiff and prison number, if applicable)

CASE NUMBER: 3:17CV791-RV/EMT
(To be supplied by Clerk's Office)

PROVIDED TO
SANTA ROSA C.I. ON

JAN 18 2018

FOR MAILING BY

v.

1. JULIE L. JONES, SECRETARY F.D.O.C.
2. JIMMY COKER, WARDEN SARCI
3. CENTURION → CONTRACTED MEDICAL PROVIDER
4. DR. LEE BROWN, MEDICAL DIRECTOR
5. DR. DENIS VELCHEZ, MD
6. DR. W.D. RUMMEL, MD CHO
7. NURSE: S. SIMPSON
8. NURSE: S. MELVIN, A.R.N.P.

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

_____/

ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. PLACE OF PRESENT CONFINEMENT: SANTA ROSA CORRECTIONAL INSTITUTION
(Indicate the name and location)
5850 EAST MILTON ROAD   MILTON, FLORIDA.

II. EXHAUSTION OF ADMINISTRATIVE REMEDIES: **Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

III. PREVIOUS LAWSUITS:

DC 225 (Rev 2/2012)

1-OF-13

A. Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?   Yes ( )   No (X)

B. Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?   Yes ( )   No (X)

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

   1. Parties to previous lawsuit:  N/A

      Plaintiff(s): _____

      Defendant(s): _____

   2. Court (if federal court, name the district; if state court, name the county):

      N/A

   3. Docket Number: _____ N/A

   4. Name of judge: _____ N/A

   5. Briefly describe the facts and basis of the lawsuit: _____ N/A

   6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
      N/A

   7. Approximate filing date: _____ N/A

   8. Approximate disposition date: _____ N/A

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so,

identify these suits below by providing the case number, the style, and the disposition of each case: __N/A__

IV. PARTIES: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: CRAIG ANTONIO JACKSON #238015

Mailing address: SANTA ROSA CORRECTIONAL INSTITUTION

5850 - EAST MILTON ROAD. MILTON, FLORIDA. 32583-7914

B. Additional Plaintiffs: N/A

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: JULIE L. JONES, SECRETARY F.D.O.C

Mailing Address: FLORIDA DEPARTMENT OF CORRECTIONS

501-SOUTH CALHOUN STREET. TALLAHASSEE, FL, 32399-2500

Position: SECRETARY

Employed at: F.D.O.C

D. Defendant: JIMMY COKER

Mailing Address: F.D.O.C 501-SOUTH CALHOUN ST.

TALLAHASSEE, FL. 32399-2500

DC 225 (Rev 2/2012)            3-OF-13

Position: WARDEN

Employed at: SANTA ROSA CORRECTIONAL INSTITUTION

E. Defendant: CENTURION

Mailing Address: F.D.O.C. 501-SOUTH CALHOUN ST.

TALLAHASSEE, FL. 32399-2500

Position: CONTRACTED MEDICAL PROVIDER FOR INMATES

Employed at: FLORIDA DEPARTMENT OF CORRECTIONS /SARCI

F. Defendant: DR. LEE BROWN

Mailing Address: F.D.O.C 501-CALHOUN STREET

TALLAHASSEE, FL. 32399-2500

Position: MEDICAL DIRECTOR (DOCTOR)

Employed at: SANTA ROSA CORRECTIONAL INSTITUTION /F.DOC

G. Defendant: DR. DENIS VELCHEZ

Mailing Address: F.D.O.C 501-CALHOUN STREET

TALLAHASSEE, FL. 32399-2500

Position: DOCTOR

Employed at: SANTA ROSA CORRECTIONAL INSTITUTION /F.D.O.C

NOTE: SEE PAGE 4-CONTINUED -A

→

PAGE 4 - CONTINUED - A

H. DEFENDANT: W. D. RUMMEL
   MAILING ADDRESS: F.D.O.C 501 - CALHOUN ST.
                    TALLAHASSEE, FL. 32399-2500
   POSITION: → DOCTOR, CHO
   EMPLOYED AT: FLORIDA DEPARTMENT OF CORRECTIONS / SANTA ROSA C.I.

I. DEFENDANT: S. SIMPSON
   MAILING ADDRESS: F.D.O.C. 501 - CALHOUN ST.
                    TALLAHASSEE, FL. 32399-2500
   POSITION: NURSE R.N.
   EMPLOYED AT: F.D.O.C / SANTA ROSA C.I.

J. DEFENDANT: S. MELVIN
   MAILING ADDRESS: F.D.O.C 501 - CALHOUN ST.
                    TALLAHASSEE, FL. 32399-2500
   POSITION: NURSE A.R.N.P
   EMPLOYED AT: F.D.O.C / SANTA ROSA C.I.

END OF PAGE # 4 - A

V.  STATEMENT OF CLAIM: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. **Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.**

THE UNITED STATES CONSTITUTIONAL AMENDMENT-VIII CRUEL AND UNUSUAL PUNISHMENTS, PAIN AND SUFFERING, DELIBERATE INDIFFERENCE, NEGLIGENCE, MEDICAL MAL-PRACTICE, DELAYED AND INADEQUATE MEDICAL TREATMENT.

VI. STATEMENT OF FACTS: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant[s]).

THE PLAINTIFF BEGANS BY POINTING OUT THAT THE FLORIDA DEPARTMENT OF [FDOC] CORRECTIONS RECORDS FROM 2007 OF THE PLAINTIFFS INPRISONMENT AND THEREAFTER MUST REVEALS THE PLAINTIFFS DISABILITIES AFTER HIM BEING RUN DOWN BY A TRUCK EXITING THE INTERSTATE IN 1997, WHILE THE PLAINTIFF WAS RIDING A BICYCLE [HEAD, ARM, PELVIS, BACK, PHYSICAL AND MENTAL], F.D.O.C RECORDS ALSO SHOULD NOTE THAT THE PLAINTIFF SUFFERS DEGENERATED ARTHRITIS, HIGH BLOOD PRESURE, DIABETES, AND NOW SEIZURES, PLUS MORE, F.D.O.C RECORDS SHOULD ALSO NOTE THAT THE PLAINTIFF WAS DECLARED

NOTE: PAGE 5-CONTINUED NEXT PAGE-A
5-A-THRU-E INCLUDED.

DC 225 (Rev 2/2012)

5

5-CONTINUED - A.)

DISABLED, AND PLACED ON DISABILITY [S.S. DISABILITY] IN 1998 AS A RESULT OF THE ACCIDENT MENTIONED ABOVE.

AFTER REPEATEDLY GOING TO SICK-CALL AND MEDICAL CALL-OUTS FOR THE RIGOROUS AND INTENSE PAIN IN THE LEFT SIDE OF THE PLAINTIFFS NECK, LEFT SHOLDER, AND LEFT ARM WHICH CAUSED MORE DISABILITIES AND TO A GREAT EXTENT IN THE PLAINTIFF PERFORMING DAILY AND NORMAL ACTIVITIES [BATHING, DRESSING, GOING IN AND OUT OF DOORS, OR HIS LOCKER, BRUSHING HIS HAIR, OR TEETH, MAKING HIS BED, FEEDING HISSELF, USING THE BATHROOM, WORKING, AND MORE], THE PLAINTIFF WAS SEEN IN OCTOBER, 2015, BY DOCTOR LEE BROWN, MEDICAL DIRECTOR FOR THE CENTURION, THE CONTRACTED MEDICAL PROVIDER FOR INMATES OF THE FDOC IN REGARDS TO THE SEVERE AND CHRONIC PAIN IN PLAINTIFFS LEFT ARM, SHOLDER, AND NECK. X-RAYS WERE ORDERED BY DR. BROWN, AND WERE TAKEN ON NOVEMBER-4TH, 2015, AND WHEN THE PLAINTIFF WAS SEEN AGAIN BY DR. BROWN SHORTLY THEREAFTER, DR. BROWN EXPLAINED THAT THE X-RAY RESULTS SHOWED THAT THE PLAINTIFF WAS ONLY SUFFERING DUE TO MINOR DEGENERATED ARTHRITIS OF WHICH THE PLAINTIFF MUST HAVE FLARED UP SOME HOW. NOTE: THE PLAINTIFF HAS SUFFERED DUE TO LIMITED USE OF HIS RIGHT ARM AND HAND SENCE 1997, WHICH SHOULD HAVE BEEN REASON ENOUGH FOR URGENT AND UNDELAYED, ADEQUATE MEDICAL CARE AND TREATMENT OF THIS ISSUE NOW WITH THE PLAINTIFFS LEFT ARM, SHOLDER, AND NECK. DR. BROWN DID PROVIDE THE PLAINTIFF WITH A F.D.OC HEALTH SLIP/PASS ON NOVEMBER-20TH, 2015 DUE TO LIMITED USE OF THE PLAINTIFFS RIGHT ARM WHICH IN ITS SELF IS PROOF THAT THE PLAINTIFF DESPERATELY NEEDED AND DO STILL NEEDS COMPLETE AND FULL USE OF HIS LEFT ARM, WHICH F.D.O.C MEDICAL RECORDS SHOULD DETERMINE TO BE THE PLAINTIFFS GOOD ARM, OR WAS HIS SERVICEABLE ARM. THE PLAINTIFF CONTINUED COMPLAINING DUE TO THE INTOLERABLE PAIN, ANXIETY, AND MORE SO BECAUSE THE PLAINTIFF QUESTIONED DR. BROWN'S OPINION OF THIS EXCRUCIATING PAIN BEING ONLY THE RESULT OF FLARED-UP DEGENERATED ARTHRITIS, HOWEVER DR. BROWN ONLY CONTINUED THE PRESCRIBED MEDICATION WHICH THE PLAINTIFF HAD BEEN ON PRIOR TO BEING AT SANTA ROSA

SEE 5-CONTINUED - B

5-CONTINUED -A

5-CONTINUED-B

CORRECTIONAL INSTITUTION [SARCI], AND REFUSED, OR NEGLECTED TO DO ANYTHING ELSE SUCH AS A M.R.I OR CAT-SCAN EXAMS.

IN THE MIST OF COMPLAINING OF THIS UNDUE PAIN AND SUFFERING THE PLAINTIFF WAS TRANSFERED DUE TO CRIMINAL PROCEEDINGS TO THE PINELLAS COUNTY JAIL IN APRIL, 2016, AND WHILE IN THE JAIL OF PINELLAS COUNTY THE PLAINTIFF DID QUESTION THE MEDICAL STAFF THERE OF THIS AGONIZING PAIN AND WAS ADVISED BY NURESES TO BE SURE, WHEN THE PLAINTIFF DID RETURN TO HIS PERMANENT ASSIGNED INSTITUTION TO ASK THE STAFF [MEDICAL STAFF] FOR AN M.R.I EXAM, BECAUSE THEY THOUGHT THAT THE PLAINTIFF MIGHT BE SUFFERING DUE TO A PINCHED NERVE. WHEN THE PLAINTIFF RETURNED TO SANTA ROSA C.I. IN JUNE, 2016 THE PLAINTIFF WAS SEEN AND DID EXPLAIN TO NURSE S. SIMPSON PRIOR TO A VISIT WITH DR. VILCHEZ ON JUNE 17TH, 2016 WHAT WAS TOLD TO THE PLAINTIFF WHEN IN THE PINELLAS COUNTY JAIL, THE PLAINTIFF ALSO QUESTIONED NURSE S. SIMPSON OF AN M.R.I EXAM, BUT WAS TOLD THAT, "NO ONE AT SANTA ROSA CARED, NOR WANTED TO HEAR WHAT NOBODY FROM THE COUNTY JAIL HAD TO SAY", BY NURSE S. SIMPSON.

THE PLAINTIFF COMPLAINED MORE OF THIS PAIN VIA SICK-CALL, MEDICAL VISITS, AND THE F.D.O.C GRIEVANCE PROCEEDURE [SIGNED] AND RESPONDED TO BY DR. DENIS VILCHEZ AND HIS SUPERIOR DR. W.D. RUMMEL, M.D AND ALSO BY THE OFFICE OF WARDEN JIMMY COKER], THE PLAINTIFF WAS ALSO SEEN AGAIN BEFORE SEPTEMBER 15TH, 2016, BUT THAT MONTH BY DR. VILCHEZ BECAUSE OF THIS ISSUE, AND HE [DR. VILCHEZ] PROVIDED THE PLAINTIFF WITH A NEW HEALTH SLIP/PASS FOR RESTRICTED ACTIVITY - [AMERICANS WITH DISABILITIES A.D.A] BED, FRONT CUFFS, EXTRA BLANKET, PLUS MORE]. THE PLAINTIFF WAS MOVED THAT SAME DAY FROM HIS ASSIGNED BED M-2150-SINGLE -TO- M-2125-SINGLE ALL DUE TO THE LIMITED USE OF BOTH THE PLAINTIFFS LEFT AND RIGHT ARMS. IT WAS ONLY A FEW DAYS LATER, SEPTEMBER 18TH, OR 19TH 2016 WHEN M-DORM HOUSING OFFICER ORDERED THE PLAINTIFF TO REPORT RIGHT AWAY TO

SEE 5-CONTINUED - C
NEXT PAGE

5-CONTINUED - C

MEDICAL AND TO ASK FOR NURSE SIMPSON. WHEN THE PLAINTIFF DID AS TOLD NURSE SIMPSON DEMANDED THAT THE PLAINTIFF GIVE TO HER THE HEALTH SLIP/PASS WHICH DR. VILCHEZ HAD GIVING TO THE PLAINTIFF. NURSE SIMPSON DID REPLACE THAT PASS WITH ANOTHER HEALTH SLIP/PASS THAT HAD BEEN STAMPED AND SIGNED BY S. MELVIN, A.R.N.P, SOMEONE AT THAT TIME WHOM THE PLAINTIFF HAD NEVER SEEN, NOT ONE TIME. THE PLAINTIFF EXPLAINED TO NURSE SIMPSON THAT DR. VILCHEZ HAD GIVING THE PLAINTIFF THE HEALTH SLIP/PASS WHICH SHE TOOK, NURSE SIMPSON TOLD THE PLAINTIFF, "HE HAD NO RIGHT TO GIVE IT TO YOU". THE NEW PASS SIGNED BY NURSE MELVIN STRIPPED THE PLAINTIFF OF THE A.D.A BED, FRONT CUFFS, AND MORE. THE PLAINTIFF WAS MOVED AGAIN FROM HIS ASSIGNED A.D.A BED M-2125-SINGLE TO M-2146 SINGLE A REGULAR BED, ALL IN LESS THAN TWO WEEKS DUE TO THE VERY INADEQUATE MEDICAL TREATMENT AND MEDICAL MAL-PRACTISE OF THE CENTURION MEDICAL PROVIDER, SPECIFICALLY NURSE S. SIMPSON AND NURSE S. MELVIN. THE OPINION OF THE NURSE WAS STRONGER, AND CARRIED MORE WEIGHT THAN THE OPINION OF THE DOCTOR WHOM THE NURSE WORKS UNDER.

THE PLAINTIFF NOW HAS A NEW PASS OR HEALTH SLIP/PASS ALSO STAMPED AND SIGNED BY NURSE S. MELVIN, A.R.N.P, THIS NEW PASS DOSE ACKNOWLEDGE THE LIMITED USE OF THE PLAINTIFFS RIGHT ARM, "NO WORK RIGHT ARM, NO LIFT WITH RIGHT ARM, FRONT CUFF," BUT THIS NEW HEALTH SLIP/PASS COMPLETELY DISREGARDS, AND IGNORS ALL ISSUES WITH THE PLAINTIFFS LEFT ARM, AND SHOLDER, WILLFULLY AND INTENTIONALLY AGITATING THE DAMAGED NERVE OF THE PLAINTIFF. NOTE: THE VISIT ON MAY 4TH, 2017 WAS THE FIRST AND ONLY TIME THE PLAINTIFF HAS HAD A VISIT WITH NURSE S. MELVIN, A.R.N.P.

X-RAYS OF THE PLAINTIFFS LEFT ARM, SHOLDER, AND NECK WAS TAKEN AGAIN ON SEPTEMBER 15TH, 2016, THIS SECOND SET OF X-RAYS WAS ORDERED BY DR. VILCHEZ AFTER A VISIT WITH THE DOCTOR THAT SAME MONTH, AND AFTER THE PLAINTIFF DID QUESTIONED THE DOCTOR AGAIN OF AN M.R.I EXAM. WHEN TAKING THE X-RAYS, THE X-RAY TECHNICIAN SAID, THAT IF THIS WAS AN ISSUE WITH THE NERVES, IT WOULD NOT

SEE 5-CONTINUED - D NEXT PAGE

5-CONTINUED - C

9-OF-13

5-CONTINUED-D

SHOW IN THE X-RAY RESULTS. WHEN THE X-RAYS RETURNED THE PLAINTIFF WAS SEEN BY NURSE S. SIMPSON WHO WHEN TALKING, WAS VERY UNPROFESSIONAL AND RUDE AS SHE MADE KNOWN TO THE PLAINTIFF THAT THE NEW X-RAY REPORT SHOWED THAT NOTHING WAS WRONG WITH THE PLAINTIFF, INSTEAD THE PLAINTIFF WAS "NORMAL" ACCORDING TO THE X-RAY RESULTS. NURSE SIMPSON CALLED THE PLAINTIFF, "A BOLD FACE LIAR", AND ACCUSED THE PLAINTIFF OF ONLY PRETENDING, OUT TO TAKE ADVANTAGE OF THE SYSTEM, AND SHE WAS NOT GOING TO ALLOW IT. THE PLAINTIFF TRYED TO EXPLAIN AS HE HAD ALREADY, THAT IF THE PROBLEM WAS IN THE PLAINTIFFS NERVES, IT WOULD NOT SHOW IN A X-RAY REPORT ACCORDING TO OTHERS OF HER PROFESSION.

IT WAS IN OCTOBEMBER, OR NOVEMBER 2016 AT THE PLAINTIFFS LAST VISIT FOR THIS ISSUE WITH SICK-CALL BEFORE GOING TO NORTH FLORIDA RECEPTION MEDICAL CENTER [NFRMC], THE PLAINTIFF WAS SEEN BY NURSE S. SIMPSON, AND THE PLAINTIFF COMPLAINED OF OF A LUMP OR KNOT ON THE PLAINTIFFS LEFT SHOLDER, AND ASKED NURSE SIMPSON BECAUSE SHE CLAIMED SHE DIDN'T SEE ANYTHING THERE, IF SHE WOULD PLACE HER HAND THERE AND FEEL THE LUMP. NURSE SIMPSONS RESPONSE WAS SHARKING AND FRIGHTEN, THE PLAINTIFF VIEWED NURSE SIMPSONS REMARK AS A RACIST INSULT, WHEN SHE SAID WITH AN ATTITUDE, "IS YOU CRAZY, I WOULDN'T PUT MY HANDS ON YOU", THE ONLY WORD SHE LEFT OUT WAS, "NIGGER".

AFTER THE PLAINTIFFS FAMILY SHOWED INTREST BY CALLING AND DEMANDING ANWSERS, IN DECEMBER 2016 OVER A FULL YEAR OF FORCED SUFFERING, AND ANXIETY BEFORE THE PLAINTIFF WAS SEEN BY ANOTHER DOCTOR, THIS DOCTOR EXPLAINED TO THE PLAINTIFF THAT THE PLAINTIFFS RECORDS SHOWED THAT THE PLAINTIFF SHOULD HAVE ALREADY BEEN IN NFRMC, AND SHOULD HAVE ALREADY SEEN A SPEACIALIST, BUT SOMEBODY HAD BEEN DOING THINGS PREVENTING THAT FROM HAPPENING, BUT THIS NEW DOCTOR [WHO MIGHT HAVE BEEN DR. RUMMEL] ASSURED THE PLAINTIFF THAT ALL POSSIBLE WOULD BE DONE TO MAKE SURE THAT THE PLAINTIFF WOULD BE LEAVING FOR NFRMC VERY SOON. ON DECEMBER 13TH, 2016 SHORTLY AFTER THE PLAINTIFF WAS SEEN BY THIS NEW DOCTOR, DID THE PLAINTIFF START THE PROCESS OF TRANSFERING TO N.F.R.MC TO BE SEEN BY A SPEACIALIST, ON DECEMBER 14TH, 2016 THE PLAINTIFF DID ARIVE AT NFRMC WEST

SEE 5-CONTINUED-E:) NEXT PAGE

5-CONTINUED-D

5-CONTINUED-E

UNIT. THE PLAINTIFF WAS SEEN BY THE PHYSICAL THERAPHIST ON DECEMBER 22ⁿᵈ, 2016, AND AT THE FIRST VISIT, THE PHYSICAL THERAPHIST TOOK HIS INDEXT FINGER AND FELT BEHIND THE PLAINTIFFS NECK AND SAID, "WITHOUT A DOUBT, YOU DO HAVE A PINCHED NERVE". THE THERAPHIST CONTINUED, AND FELT THE LUMP ON THE PLAINTIFFS LEFT SHOLDER AND SAID, "OH, BUT WORSE THAN THAT, YOU HAVE A DAMAGED ROTATOR CUFF".

THE THERAPHIST THEN STATED, THIS ISSUE SHOULD HAVE BEEN GIVING TO HIM MUCH SOONER, AND HE TOLD THE PLAINTIFF THAT THEY WOULD BE ABLE TO HELP, BUT THERE WOULD WOULD ALWAYS BE PAIN IN THE PLAINTIFFS SHOLDER AREA. THE PLAINTIFF QUESTIONED THE PHYSICAL THERAPHIST, IF SUCH A DETERMINATION COULD BE MADE WITHOUT AN M.R.I, OR SOME OTHER EXAM? THE PHYSICAL THERAPHIST SAID, "WHAT DO YOU THINK WAS DONE BEFORE THERE WAS AN M.R.I EXAM". FOUR WEEKS OF PHYSICAL THERAPHY WAS ORDERED BY THE PHYSICAL THERAPHIST, WHICH THE PLAINTIFF DID START ON FEBUARY 14ᵀᴴ, 2017, BUT THE PLAINTIFF ONLY COMPLETED THREE WEEKS BEFORE SIGNING A REFUSAL FORM. THE PLAINTIFF REFUSED TO CONTINUE DUE TO THE CHRONIC PAIN, AND DUE TO THE FACT THAT THE PHYSICAL THERAPHIST, NOR THE DOCTOR WAS PROVIDING THE PLAINTIFF WITH NOTHING FOR THE PAIN, IT WAS AFTER THE PLAINTIFF SIGNED THE REFUSAL FORM, ON THAT SAME DAY MARCH 7ᵀᴴ, 2017, THE PLAINTIFF WAS CALLED TO THE PHARMACY AND PROVIDED A 15-DAY SUPPLY OF PAIN MEDICATION. BECAUSE OF THE PLAINTIFFS OTHER MEDICAL ISSUES, THE PLAINTIFFS PAIN MEDICATIONS SHOULD HAVE NEVER BEEN DISCONTINUED.

FROM AS FOR BACK AS OCTOBER, 2015 THE PLAINTIFF HAS FILED WITH THE OFFICE OF WARDEN JIMMY COKER IN COMPLIANCE WITH RULES OF THE F.D.O.C CHAPTER 33-103.008, COMPLAINING OF THE INADEQUATE MEDICAL CARE AND TREATMENT THATS BEEN IMPOSED BY CENTURION [DR. W.D. RUMMEL, M.D C HO AND STAFF] OF THE SANTA ROSA CORRECTIONAL INSTITUTION [SARCI] OF WHICH THE WARDEN, JIMMY COKER WAS IN FULL POWER AND AUTHORITY DURING THE TIMES MENTIONED. THE RESPONSES FOR F.D.O.C. SARCI UNTO THE FORMAL GRIEVANCES FILED BY THE PLAINTIFF, SUPPORTED THE CARE AND TREATMENT, NEGLIGENCE OF THE CONTRACTED PROVIDER OF THE MEDICAL SERVICES FOR F.D.O.C TO INMATES [CENTURION], AS APOSED TO INSISTING THAT APPROPRIATE, ADEQUATE CARE AND MEDICAL TREATMENT BE PRODUCED TO THIS

SEE 5-CONTINUED-F

~~THIS~~ PLAINTIFF- WARDEN COKER MAKE HIMSELF LIABLE FOR ALL ACTS OF MISCONDUCT ALLEGED.

AFTER RECEIVING THE RESPONSES OF THE OFFICE OF WARDEN COKER THE PLAINTIFF DID FILE GRIEVANCES APPEALS IN COMPLIANCES WITH THE FDOC RULES OF CHAPTER 33-103.008 WITH THE FDOC SUPERIOR, SECRETARY JULIE L. JONES WHO APOSED TO INSISTING THAT THE SARCI MEDICAL STAFF PROVIDE ADEQUATE MEDICAL CARE, AND THAT WARDEN COKER DOSE HIS JOB AND DEMAND SUCH, EACH RESPONSE CONDONED THE NEGLIGENCE, DELAY AND INADEQUATE TREATMENT PROVIDED, THEREFORE UP-HOLDING AS A FOUNDATION OF THE ALLEDGE CONDUCT OF WARDEN COKER AND THE CENTURION STAFF, SECRETARY JULIE L. JONES MAKES HERSELF LIABLE OF ALL MISCONDUCT BOTH OF PHYSICAL HARM AND MENTAL ANXIETY.

THE PLAINTIFF IS NOW HOUSED ON CLOSED MANAGEMENT STATUS AND DOSE NOT HAVE ACCESS AS DO OTHER INMATE TS THE LAW LIBRARY, NOR TO THE RESOURCES OF THE LAW LIBRARY-TYPE WRITERS, PRINTER, COPY MACHINES, RESEARCH BOOK AND MORE EXCEPT VIA THE INMATE REQUEST PROCESS, WHICH CARRIES A TEN DAY DELAY AND DOSE HENDERS ALL COMPLIANCES TO COURT ORDERS. THE PLAINTIFF THEREFORE REQUEST FOR FULL COPIES OF THIS AND ALL MOTIONS AND DOCUMENTS FILED WITH THE COURT.

THE PLAINTIFF ALSO REQUEST OF THE COURT BECAUSE THE PLAINTIFF IS ONLY OF A FIFTH GRADE READING COMPREHENSION AND UNDERSTANDING, OR IS LEGALY IGNORANT, HE BEG'S FOR A COURT APPOINTED ATTORNEY IN ALL FARTHER PROCEEDINGS OF THIS CIVIL COMPLAINT.

VII. RELIEF REQUESTED: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

TO BE PROVIDED AN MRI EXAM, TO BE SEEN BY A

NERVE SPECIALIST, DEMOTION IN BOTH POSITION, AND WAGES OF EACH DEFENDANT, ALSO REQUIRED EDUCATIONAL TRAINNING IN ADVANCE EFFECTIVE COMMUNICATION SKILLS, AND BEHAVIOUR MANAGEMENT, PLUS MORE FOR EACH OF THE DEFENDANTS, COMPENSATORY DAMAGES AND INJUNCTIVE RELIEF, MONETARY SETTLEMENT FOR EACH MENTIONED DEFENDANT OF THE AMOUNT OF TWO HUNDRED THOUSAND DOLLARS [$200,000.00] EACH OR INDIVIDUALLY

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this **18TH** day of **JANUARY**, 20**18**.

_____
JACKSON, CRAIG A. #238015

(Signatures of all Plaintiffs)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☒ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail on: the **18TH** day of **JANUARY**, 20**18**.

JACKSON, CRAIG A. #238015
SANTA ROSA CORRECTIONAL INSTITUTION
5850 EAST MILTON ROAD
MILTON, FLORIDA. 32583-7914

☒ → 📬

LEGAL MAIL ONLY

"INDIGENT"

CHECKED JAN 22 2018

U.S. DISTRICT COURT
100 NORTH PALAFOX STREET
PENSACOLA, FLORIDA. 32502

